FILED ___ A.M. ___ P.M.

JUN 04 2014

CANYON COUNTY CLERK
K CANNON, DEPUTY

Kevin E. Dinius
Michael J. Hanby II
DINIUS LAW
5680 E. Franklin Rd., Suite 130
Nampa, Idaho 83687
Telephone:    (208) 475-0100
Facsimile:    (208) 475-0101
ISB Nos.     5974, 7997
*kdinius@diniuslaw.com*
*mhanby@diniuslaw.com*

Attorneys for Plaintiff

IN THE DISTRICT COURT OF THE THIRD JUDICIAL DISTRICT OF

THE STATE OF IDAHO, IN AND FOR THE COUNTY OF CANYON

| | |
|---|---|
| JOYCE WILLIAMS,<br><br>    Plaintiff,<br><br>-vs-<br><br>SAFECO INSURANCE COMPANY OF ILLINOIS,<br><br>    Defendant. | CASE NO. CV-2014-5691-C<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL**<br><br>Fee Category: A<br>Fee: $96.00 |

COME NOW, Plaintiff JOYCE WILLIAMS, by and through her attorneys of record, the law firm of Dinius & Associates, PLLC, as and for claims of relief against Defendant SAFECO INSURANCE COMPANY OF ILLINOIS, claim and allege as follows:

COPY

COMPLAINT AND DEMAND FOR JURY TRIAL - 1

## PARTIES, JURISDICTION AND VENUE

1. At all relevant times herein mentioned, Plaintiff Joyce Williams has been and now is residing in Canyon County, Idaho.

2. At all times herein mentioned, Defendant Safeco Insurance Company of Illinois (hereinafter, "Safeco Insurance") was an insurance company duly organized and existing under the laws of the State of Idaho and doing business in Canyon County, Idaho.

3. The contract between Plaintiff and Defendant which forms the basis for Plaintiff's claims was entered into, performed by Plaintiff and breached by Defendant in Canyon County, Idaho; therefore, the above-entitled Court has jurisdiction in this matter.

4. Venue is proper in this Court pursuant to Idaho § 5-404.

## GENERAL ALLEGATIONS

5. On January 10, 2012, Plaintiff was driving her vehicle eastbound on State Highway 44 in Middleton, Idaho.

6. At the same time, Ishta Toto (hereinafter, "Mr. Toto") was stopped on US 30 facing southbound in Middleton, Idaho.

7. Mr. Toto proceeded through the intersection, failing to yield to Plaintiff's vehicle, causing Plaintiff's vehicle to collide with the driver's side of Mr. Toto's vehicle.

8. The collision caused severe and substantial personal injuries to Plaintiff.

9. As a result of the collision, Plaintiff is required to take medication for pain management and must also rely on a walker to get around and will most likely require a walker for the rest of her life.

10. Plaintiff is insured by Defendant Safeco Insurance and Defendant is insured by Progressive Insurance.

11. Through counsel, Plaintiff sent Progressive Insurance a demand for policy limits on Mr. Toto's policy.

12. Progressive Insurance paid the policy limits pursuant to Mr. Toto's policy.

13. Pursuant to her contract with Defendant Safeco Insurance, Plaintiff had "under-insured" coverage.

14. Because the policy limits of Mr. Toto's policy did not compensate Plaintiff for the damage suffered, demand was made for policy limits of Plaintiff's under-insured coverage.

15. Safeco Insurance refused the policy demand made on Plaintiff's under-insured coverage.

## COUNT I
## Breach of Contract

16. Plaintiff realleges and incorporates the preceding paragraphs of this Complaint as if they were fully set forth herein.

17. Plaintiff has performed each and every act and thing required of her to be performed in accordance with the terms and conditions of the Policy not otherwise waived or excused.

18. The above-described conduct of Defendant constitutes a breach of the Policy.

19. Defendant's breaches of the Policy have caused Plaintiff to sustain damages, including, but not limited to, monies owed under the Policy. The amount of these damages exceed the sum of $10,000.00.

## COUNT II
## Breach of the Implied Covenant of Good Faith and Fair Dealing

20. Plaintiff realleges and incorporates the preceding paragraphs of this Complaint as if they were fully set forth herein.

21. The Policy contains an implied covenant by Defendant that it would act in good faith and deal fairly with Plaintiff and that it would do nothing to interfere with the rights of the insured to receive the benefits of the agreement.

22. The herein described acts and omissions of Defendant violated, nullified, and significantly impaired Plaintiff's benefits and rights under the Policy, thereby breaching the implied covenant of good faith and fair dealing.

23. As a direct and proximate result of Defendant's breaches, Plaintiff has sustained damages, including, but not limited to, monies owed under the Policy. The amount of these damages exceed the sum of $10,000.00.

24. Plaintiff is informed and believes, and thereon alleges, that Defendant willfully engaged in the conduct alleged with malice, fraud, and oppression, without excuse or justification, and with the specific intent to injure Plaintiff, so that Plaintiff is entitled to an award of damages against Defendant in an amount to be proven at trial.

## COUNT III
## Bad Faith

25. Plaintiff realleges and incorporates the preceding paragraphs of this Complaint as if they were fully set forth herein.

26. Plaintiff and Defendant had a relationship of insured/insurer. This relationship imposed a duty upon Defendant to act in good faith. Defendant has acted in bad faith in its dealings with Plaintiff by the following acts and omission, all of which were intentional and unreasonable:

   a. Defendant has unreasonably failed and continues to fail to pay Plaintiff benefits owed under the Policy;

   b. Defendant has failed to acknowledge and implement reasonable standards for the prompt investigation of Plaintiff's claim;

   c. Not attempting in good faith to effectuate prompt, fair and equitable settlement of Plaintiff's claim after liability became reasonably clear;

d. Compelling Plaintiff to institute litigation to recover amounts due under the Policy.

27. As a direct and proximate result of Defendant's breaches, Plaintiff has sustained damages, including, but not limited to, monies owed under the Policy. The amount of these damages exceed the sum of $10,000.00.

28. Plaintiff is informed and believes, and thereon alleges, that Defendant willfully engaged in the conduct alleged with malice, fraud, and oppression, without excuse or justification, and with the specific intent to injure Plaintiff, so that Plaintiff is entitled to an award of damages against Defendant in an amount to be proven at trial.

## REQUEST FOR ATTORNEY FEES AND COSTS

Pursuant to Idaho Code Idaho Code §§ 12-120, 12-121, 12-123, and Idaho Code § 41-1839, Plaintiff is entitled to her reasonable attorney fees and costs as shall be awarded by the Court pursuant to I.R.C.P. 54(d) and 54(e).

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury pursuant to Rule 38 of the Idaho Rules of Civil Procedure on all issues so triable.

## PRAYER

WHEREFORE, Plaintiff prays for judgment against Defendant as follows:

1. For an Order of the Court awarding Plaintiff damages in the amount proven with specificity at the time of trial, but which amount exceeds the $10,000.00 jurisdictional minimum requirements of this Court;

2. For pre-judgment interest and post-judgment interest as allowed by law;

3. For an Order of the Court awarding Plaintiff her reasonable costs and attorney fees incurred in the prosecution of this matter; and,

COMPLAINT AND DEMAND FOR JURY TRIAL - 5

4. For such other and further relief as the Court deems just and proper.

DATED this 3rd day of June, 2014.

DINIUS LAW

By: _____
Kevin E. Dinius
Michael J. Hanby II
Attorneys for Plaintiff

dd/T:\Clients\W\Williams, Joy 24803\Non-Discovery\COMPLAINT - Safeco.docx

COMPLAINT AND DEMAND FOR JURY TRIAL - 6